Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| GEOVANNY ORTIZ PÉREZ<br><br>Demandante Apelante<br><br>v.<br><br>O'NELL MONTALVO Y OTROS<br><br>Demandada Apelada | TA2026AP00684 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2026CV00321<br>Salón Núm.: 501<br><br>Sobre:<br>Daños |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el señor Geovanny Ortiz Pérez mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 10 de junio de 2026. En dicho dictamen, se desestimó la demanda de epígrafe por el apelante no haber agotado los remedios administrativos. Concedida la *Solicitud para Declaración de Indigencia* y prescindiendo del alegato de la otra parte al amparo de la Regla 7(B)(5) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B), confirmamos la *Sentencia* recurrida.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho,

de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones, *supra*. De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al*., 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Cónsono con lo anterior, la parte adversamente afectada por una resolución final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución, presentar una moción de reconsideración. Sec. 3.15 de la Ley Núm. 38-2017, *supra*; Regla XIV del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015. De agotar todos los remedios administrativos, la parte adversamente afectada podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de la notificación de la resolución final. Sec. 4.2 de la Ley Núm. 38-2017, *supra*; Reglamento para Atender las

Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, supra, pág. 32. De no presentarse oportunamente la solicitud de revisión administrativa, el foro apelativo carecerá de jurisdicción para evaluar el caso en contienda. Véase *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp. et al.*, 182 DPR 86 (2011) (citando a *Rodríguez Díaz v. Pierre Zegarra*, 150 DPR 649 (2000) (*Per Curiam*); *Hernández Apellaniz v. Marxuach Const.*, 142 DPR 492 (1997) (*Per Curiam*)).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda del apelante. Del expediente se desprende que, contrario a los requisitos estatutarios, el apelante recurrió al Tribunal de Primera Instancia, esto es, al foro equivocado. Por tanto, el Tribunal de Primera Instancia carece de la jurisdicción para evaluar el caso en sus méritos.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones